# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **D.B. and A.B.**

**No. 23-151** (Calhoun County CC-07-2022-JA-15 and CC-07-2022-JA-16)

## MEMORANDUM DECISION

Petitioner Mother S.B.[1] appeals the Circuit Court of Calhoun County's February 13, 2023, order terminating her parental rights to D.B. and A.B.,[2] arguing that the circuit court erred when it denied her motion for a post-adjudicatory improvement period and terminated her parental rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2022, the DHS filed a petition alleging that petitioner abused and neglected the children by exposing them to illicit controlled substances and by failing to provide D.B. adequate education. The petition further alleged that petitioner was charged with concealing a deceased human body and conspiracy to inflict injury to a person or property after the children's father's deceased body was discovered in a vehicle parked at a local hospital. Shortly after, a Child Protective Services ("CPS") employee visited the home to complete a safety check. During the visit, the CPS employee observed numerous marijuana plants inside the home. The petition described that D.B.'s bedroom was approximately ten feet from the "grow room" where 248 marijuana plants were kept. The petition noted that two bags of consumable marijuana were on the floor in the "grow room," which was accessible to the children as there was no door. At the June 2022 adjudicatory hearing, petitioner stipulated that the children had access to illicit controlled substances. Thus, the court found that petitioner abused and neglected the children.

---

[1]Petitioner appears by counsel Jenna L. Robey. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather Olcott. Counsel Michael Hicks appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At the July 2022 dispositional hearing, petitioner filed a motion requesting a post-adjudicatory improvement period and testified in support of her motion. During her testimony, petitioner denied all responsibility for the marijuana plants in her home and claimed that she could not prevent the children's father from growing marijuana because he was "threatening." The circuit court continued the dispositional hearing until petitioner's parental fitness evaluation could be completed and requested that the parties submit proposed findings of fact and conclusions of law.

In September 2022, petitioner completed her parental fitness evaluation, which determined her ability to attain minimally adequate parenting was "poor" due to her neglect of the children's educational needs, exposure of the children to harmful situations, and defensiveness during the evaluation. In November 2022, the court reconvened the dispositional hearing and heard petitioner's motion for a post-adjudicatory improvement period. At the conclusion of the hearing, the court requested that the parties supplement their proposed findings of fact and conclusions of law to include the information from petitioner's parental fitness evaluation. In January 2023, a CPS employee submitted an updated court summary primarily to inform the parties that petitioner had begun dating a man with drug addiction issues and she became pregnant by him. In February 2023, the court held a status hearing at which it took note of the guardian's report and ordered a multidisciplinary team meeting.

In February 2023, the court entered an order denying petitioner's motion for a post-adjudicatory improvement period and terminating her parental rights. After detailing the testimony heard over the course of two days of dispositional hearings, the court found that petitioner refused to accept any responsibility for the drugs in her home and was attempting to blame her parental failures on the deceased father. Further, petitioner "maintained that there is nothing to improve relative to her attitude and approach to parenting." Thus, the court found that there was no reasonable likelihood that the conditions of abuse or neglect that led to the filing of the petition could be corrected through an improvement period. The court further found that termination of petitioner's parental rights was necessary and in the children's best interests. It is from this order that petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues that the court erred when it denied her motion for a post-adjudicatory improvement period because she took responsibility for the marijuana in her home. However, this argument lacks support in the record, as the circuit court found that "[t]he [petitioner] is merely going through the motions which is evidenced by her lack of candor and failure to accept, or otherwise shift, responsibility for her parental failures onto the decedent father." It is clearly established that a "circuit court has the discretion to refuse to grant an improvement period when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Furthermore,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth

---

[3]The permanency plan for the children is adoption in the current placement.

2

of the basic allegation pertaining to the alleged abuse and neglect . . . , results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). The circuit court properly denied petitioner's motion for an improvement period because she failed to acknowledge or take responsibility for abusing or neglecting the children. Thus, we decline to disturb the circuit court's denial of petitioner's motion.

Next, petitioner argues that the circuit court erred in terminating her parental rights because the court did not apply the least restrictive alternative disposition. Petitioner contends that she was reasonably likely to correct the conditions that led to the initial petition. The circuit court disagreed. We have previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604,] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court made specific findings that petitioner denied any need for improvement and refused to take responsibility her conduct. The record contains ample evidence to support the circuit court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that it was necessary for the children's welfare to terminate petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare). Thus, petitioner's argument that the court erred is without merit.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 13, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: April 15, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3